FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA 2015 FEB -3 PM 3: 28
## ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**LANEY MARIE GRINER, individually and as
parent and guardian of minor S.G.,**

        **Plaintiff,**

v.

**JAKE'S FIREWORKS, INC., BULLSEYE FW,
INC., AND BULLSEYE RETAIL, INC.,**

        **Defendants.**

_____/

**CASE NO. 0:15-CV-162-ORL- 22-DAB**

**Jury Trial Requested
Injunctive Relief Requested**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT,
## UNAUTHORIZED PUBLICATION OF LIKENESS,
## AND MISAPPROPRIATION OF LIKENESS

Plaintiff LANEY MARIE GRINER ("Griner"), individually and as parent and guardian of her minor son S.G., files this Complaint against JAKE'S FIREWORKS, INC., a Kansas corporation, BULLSEYE FW, INC, a Florida corporation, and BULLSEYE RETAIL, INC., a Florida corporation, and alleges:

## NATURE OF THE ACTION

1.     Griner is a Florida photographer whose 2007 photograph of her son at the beach has become an iconic piece of Internet culture. The photograph, titled *Success Kid*, is one of the most "viral" images on the Internet, has inspired millions of fair uses by fans to illustrate commentary through memes[1]. As a result, *Success Kid* and has generated substantial value, goodwill, and licensing revenue from authorized and age-appropriate commercial uses by companies who wish to associate *Success Kid's* goodwill with their products and services,

_____

[1] In the Internet context, a meme generally refers to a cultural item in the form of an image, video, phrase, etc., that is spread via the Internet and often altered in a creative or humorous way.

including Virgin Mobile, Radio Shack, Bell Canada, Marriott Hotels, Medicare, General Mills, and Coca Cola.

2.       Defendants in this case have, without permission, and with obvious knowledge of the value of the photograph, commercially exploited and misappropriated *Success Kid*, and S.G.'s likeness, through the unauthorized and inappropriate commercial use of the copyrighted image on packaging and advertising for fireworks. Plaintiff has requested that these unauthorized uses cease, particularly in light of the potentially dangerous nature of the products offered by Defendants; however, Defendants' unauthorized and unlicensed use continues.

3.       This is an action for copyright infringement under the Copyright Act, Title 17 of the United States Code, unauthorized publication of likeness in violation of Florida Statute 540.08, and misappropriation of likeness under Florida's Common Law.

## PARTIES, JURISDICTION AND VENUE

4.       Plaintiff Griner is an individual residing in Florida and within this judicial district. Griner is the parent and guardian of minor child S.G, who is currently 8 years old and resides with Griner.

5.       Upon information and belief, Defendant Jake's Fireworks, Inc. a/k/a Cutting Edge Fireworks ("Jake's Fireworks") is a Kansas corporation with a principal place of business located at 1500 E. 27th Terrace, Pittsburg, Kansas 66762. Jake's Fireworks has engaged in business within this judicial district, committed acts herein complained of in this judicial district, causing damages to Plaintiff in this district. Jake's Fireworks operates, controls, advertises and transacts business through websites, including www.jakesfireworks.com and www.cuttingedgefireworks.com, within this judicial district and division.

6.       Upon information and belief, Defendant Bullseye FW, Inc. ("Bullseye FW") is a

Florida corporation with a principal place of business located at 1206 Constantine Street, Orlando FL 32825.

7.     Upon information and belief, Defendant Bullseye Retail, Inc. ("Bullseye Retail") is a Florida corporation with a principal place of business located at 32826 West New Haven Avenue, West Melbourne, FL 32904.

8.     Bullseye FW and Bullseye Retail are collectively referred to as "the Bullseye Defendants" herein. Upon information and belief, the Bullseye Defendants have engaged in business within this judicial district, committed acts herein complained of in this judicial district, causing damages to Plaintiff in this district. The Bullseye Defendants operate, control, advertise and/or transacts business through retail stores and websites, including www.bullseyefireworks.com, within this judicial district and division.

9.     Defendants regularly conduct business in this State, Defendants committed the acts complained of herein in this State, Defendants caused injury to Plaintiff and her minor son in this State, and Defendants otherwise each have sufficient minimal contacts to meet the minimal jurisdictional requirements under the laws of Florida and the United States.

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, all of the Defendants transact business in this district, and the Bullseye Defendants reside in this judicial district.

**GENERAL ALLEGATIONS**

12.     Griner is a Florida photographer. In 2007, Griner photographed her son S.G. at the beach and later posted the image to her online image gallery where it "went viral," i.e. organically spread through social media and news sites on the Internet. The work, titled *Success Kid* and depicted below, has since been viewed millions of times and acquired worldwide attention and fame.



13.     *Success Kid* has been used by fans in thousands of memes, typically attempting to humorously evoke instances of unexpected success. Examples include:




4

14.     As a result of the work's considerable fame, *Success Kid* has been licensed for commercial use in advertising campaigns approved of by Griner. For example, Virgin Media licensed the use of the Success kid image in a 2012 advertising campaign as depicted below.



Other authorized licensees of the work include national brands such as General Mills, Marriot, and radio Shack. Coca Cola recently featured Success Kid in its 2015 Super Bowl ad depicted below.



In addition to licensing revenues from Success Kid, S.G earns appearance fees for personally attending public events and promotions.

15.     Griner created and owns all rights to the original work titled *Success Kid*.

16.     The United States Register of Copyrights issued Griner Copyright Registration No. VA 1-810-362 for the copyrighted *Success Kid* work.

17.     Jake's Fireworks advertises, offers for sale, sells, and distributes fireworks in retail stores and through online websites. Jake's Fireworks also operates an import program for fireworks stores that advertises, offers for sale, sells, and distributes fireworks in bulk containers under its Cutting Edge Fireworks brand. Jake's Fireworks sells its Cutting Edge brand fireworks nationwide, including to distributors located in central Florida. *See* Distributors listed on cuttingedgefireworks.com, attached as Exhibit A hereto.

18.     Jakes Firework's "Back Off" product uses Success Kid as the primary component of its packaging. A performance video of the product is used by Jake's Fireworks to advertise Back Off, and even includes a picture of the packaging featuring Success Kid. A screenshot of the video from Jake's Fireworks' Cutting Edge website www.cuttingedgefireworks.com is shown below.



19.     The Bullseye Defendants are distributors of Jake's Fireworks and the Cutting Edge brand. The Bullseye Defendants advertises, offers for sale, sells, and distributes fireworks including the Back Off product. The Back Off product is available through the website www.bullseyefireworks.com and, upon information and belief, in retail stores operated in central Florida by the Bullseye Defendants. A printout of the Bullseye Defendants' website advertising and offering the infringing Back Off product is attached as Exhibit B, and depicted in part below.

**Florida's Low Price Fireworks Wholesale & Retail**

My AccountCart

HomeShop Contact Us **Back Off**

**$34.99**



| 1 | Add to cart |

20.     The Back Off fireworks product packaging primarily consist of an infringing copy of *Success Kid* as depicted below. Moreover S.G.'s likeness is prominently displayed suggesting sponsorship, approval, and affiliation with the product. Despite the potentially dangerous nature of the product, which purportedly "shoots flaming balls," Defendants have advertised and sold

the Back Off product by exploiting a minor and using other indicia of young children, such as a pacifier. Defendants never asked for, or received, authorization to use the copyright *Success Kid* work, or to make S.G. the face of the Back Off product used to market their fireworks.



21.     Plaintiff's counsel notified counsel for Jake's Fireworks of the infringements and unauthorized uses complained of herein on or about July 29, 2014. Despite assurances that the unauthorized commercial uses would cease, the Back Off product remains advertised and offered for sale.

22.     Defendants have reproduced, distributed, and displayed the *Success Kid* work through the advertising and sale of the Back Off product. Defendants have misappropriated the goodwill associated with the *Success Kid* Work for unauthorized commercial purposes, and misrepresented Plaintiff's approval, sponsorship, and/or affiliation with their fireworks products. Upon information and belief, the Defendants acted knowingly and willfully.

23.     Defendants have also misappropriated S.G.'s likeness for unauthorized commercial purposes. Defendants have published, printed, displayed and publically used S.G.'s likeness for unauthorized commercial purposes and advertising purposes, including the sale of

8

fireworks products such as Back Off and the promotion of their fireworks businesses.

## COUNT I
## COPYRIGHT INFRINGEMENT

24.     This is an action for damages and injunctive relief based on copyright infringement in violation of 17 U.S.C. § 501, *et seq.*

25.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-23 of this Complaint as though fully set forth herein.

26.     Plaintiff is the owner of a copyright for an original work of authorship entitled *Success Kid.*

27.     The United States Register of Copyrights issued Copyright Registration No. VA 1-810-362 for the copyrighted *Success Kid* work.

28.     Copyright Registration No. VA 1-810-362 is valid and subsisting.

29.     Plaintiff is the owner of the entire right, title and interest in and to the copyrighted work and Copyright Registration No. VA 1-810-362.

30.     Defendants directly and indirectly infringed Copyright Registration No. VA 1-810-362 by violating the exclusive rights of Plaintiff in the copyrighted work *Success Kid*, including through their copying, reproduction, distribution, and display of *Success Kid*, and the preparation, distribution, and display of unauthorized derivative works, through the sale of fireworks, including the Back Off product, and use on websites they control. Defendants have also contributed to, controlled and financial benefitted from the infringing acts of third party fireworks resellers that the Defendants distribute infringing products and marketing to.

31.     Plaintiff gave notice of the infringement, but the infringing activity did not cease.

32.     Upon information and belief, Defendants' infringing activities were knowingly engaged in with a willful and reckless disregard of Plaintiff's rights.

9

33.     The reproduction, preparation of derivative copies, advertising, distribution, and display by Defendants of the copyrighted *Success Kid* work was and continues to be without license, and therefore constitutes an infringement in violation of 17 U.S.C. §501.

34.     Plaintiff has suffered a compensable injury due to the infringing activities of Defendants, and will continue to suffer irreparable injury unless Defendants infringing activities are enjoined.

35.     Plaintiff is entitled to recover her actual damages incurred as a result of Defendants' infringing activities, and Defendants' profits from their infringing activities and use of the infringing work to advertise their fireworks products.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

   a)     Under 17 U.S.C §502, enjoining Defendants from infringing Plaintiff's copyrighted work;

   b)     Under 17 U.S.C §504, an award of monetary damages against Defendants, including Plaintiff's actual damages and the Defendants' profits;

   c)     Under 17 U.S.C §503, destruction of all infringing copies possessed by Defendants together with all means of reproduction;

   d)     Enhanced damages as provided by Title 17;

   e)     An award of costs and reasonable attorneys' fees; and

   f)     Such other and further relief as this Court deems just and proper.

## COUNT II
## COMMON LAW MISAPPROPRIATION OF LIKENESS

36.     This is an action for damages and injunctive relief based on misappropriation of

10

likeness in violation of Florida's Common Law.

37.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-23 of this Complaint as though fully set forth herein.

38.     Defendants have used the likeness of minor child S.G., without authorization or consent, for commercial and advertising purposes, including the advertising and sale of fireworks such as the Back Off product, the promotion of retail fireworks stores, and the promotion of commercial websites advertising and selling fireworks. Defendants' use is likely to confuse consumers regarding the affiliation of S.G. and Defendants' products.

39.     Griner is the parent and legal guardian of S.G.

40.     Griner has not consented to the use of S.G.'s likeness by Defendants or in association with their fireworks products, stores, or websites.

41.     Defendant's have obtained the benefit of S.G.'s fame and goodwill, and profited from the sale of fireworks, by falsely associating S.G. with their fireworks products, retail fireworks stores, and commercial websites. Defendants used S.G.'s likeness for the benefit its value would confer on Defendants' products including the Back Off product.

42.     Defendants' unauthorized use of S.G.'s likeness has caused injury to Plaintiff, including, without limitation, damage to goodwill, affiliation with potentially dangerous products, and monetary loss. Defendants have also been unjustly enriched and profited from the use of S.G.'s likeness.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

a)      Enjoining Defendants from further misappropriation of S.G.'s likeness;

11

b)   An award of monetary damages against Defendants, including actual damages and disgorgement of profits and unjust enrichment;

c)   An award of punitive or exemplary damages;

d)   Destruction of all products and marketing bearing the likeness of S.G. in the possession of Defendants together with all means of reproduction;

e)   An award of costs and reasonable attorneys' fees; and

f)   Such other and further relief as this Court deems just and proper.

## COUNT III
## UNAUTHORIZED PUBLICATION OF LIKENESS
## IN VIOLATION OF FLORIDA STATUTE §540.08

43.   This is an action for damages and injunctive relief based on Unauthorized Publication of Likeness in violation of Florida Statute §540.08.

44.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-23 of this Complaint as though fully set forth herein.

45.   Defendants have published, printed, displayed and publically used the likeness of minor child S.G., without authorization or consent, for commercial and advertising purposes, including their advertising and sale of fireworks, the promotion of retail fireworks stores, and the promotion of commercial websites advertising and selling fireworks.

46.   Griner is the parent and legal guardian of S.G.

47.   Griner has not consented to the use of S.G.'s likeness by Defendants or in association with their fireworks products, stores, or websites.

48.   Defendant's have obtained the benefit of S.G.'s fame and goodwill, and profited from the sale of fireworks, by falsely associating S.G. with their fireworks products, retail fireworks stores, and commercial websites. Defendants used S.G.'s likeness for the benefit its

12

value would confer on Defendants' products including the Back Off product.

49.    Defendants' unauthorized use of S.G.'s likeness has caused injury to Plaintiff, including, without limitation, damage to goodwill, affiliation with potentially dangerous products, and monetary loss. Defendants have also been unjustly enriched and profited from the use of S.G.'s likeness.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

a)    Enjoining Defendants from further misappropriation and public use of S.G.'s likeness;

b)    An award of monetary damages against Defendants, including a reasonable royalty;

c)    An award of punitive or exemplary damages;

d)    Destruction of all products and marketing bearing the likeness of S.G. in the possession of Defendants together with all means of reproduction;

e)    An award of costs and reasonable attorneys' fees; and

f)    Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

Respectfully submitted this 3rd day of February, 2015.

/s/Jeffrey S. Boyles
Jeffrey S. Boyles
Florida Bar No. 722308
jboyles@addmg.com
Robert Thornburg
Florida Bar No. 630829
rthornburg@addmg.com
**ALLEN, DYER, DOPPELT,**
**MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone (407) 841-2330
Facsimile: (407) 841-2343

*Attorneys for Plaintiff*

14