UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LANEY MARIE GRINER,

        Plaintiff,

v.

JAKE'S FIREWORKS, INC.,
BULLSEYE FW, INC. and
BULLSEYE RETAIL, INC.,

        Defendants.

Case No.: 6:15-cv-162-Orl-22DAB

**ANSWER OF JAKE'S FIREWORKS INC. TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNAUTHORIZED PUBLICATION OF LIKENESS, AND MISSAPPROPRIATION OF LIKENESS**

Jake's Fireworks Inc., by its attorneys, answers the Complaint of Plaintiff as follows:

### NATURE OF THE ACTION

1.  Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 of the Complaint and, therefore, denies same.

2.  Jake's Fireworks denies the averments of Paragraph 2 of the Complaint, except it admits that Jake's Fireworks was notified of Plaintiff's infringement allegations in July 2014 and, by letter dated August 15, 2014, Jake's Fireworks agreed to make no further sales of fireworks in the complained-of packaging and, upon information and belief, made no such further sales. No further demands or communications were received from Plaintiff until after the present lawsuit was filed on February 3, 2015.

1

3. Jake's Fireworks admits that the action purports to be for the indicated claims, but denies any merit to such claims, and therefore, denies the averments contained in Paragraph 3 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

4. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4 of the Complaint and, therefore, denies same.

5. Jake's Fireworks admits the averments of Paragraph 5 of the Complaint, except it states that its correct corporate name is Jake's Fireworks Inc. and it denies that it has committed any of the complained-of acts of infringement and denies that it has caused any damages to Plaintiff.

6. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Complaint and, therefore, denies same.

7. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Complaint and, therefore, denies same.

8. The first sentence in Paragraph 8 of the Complaint Jake's Fireworks is a statement to which no response is required.  Jake's Fireworks denies that the Bullseye Defendants have committed any of the complained-of acts of infringement and denies that they have caused any damages to Plaintiff.  Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 8 of the Complaint and, therefore, denies same.

9. Jake's Fireworks denies that Defendants have committed any of the complained-of acts of infringement and denies that they have caused any damages to Plaintiff and her minor son.  The remaining averments of Paragraph 9 of the Complaint are statements of personal

jurisdiction for which no response is required.  To the extent Paragraph 9 of the Complaint contains any other factual averments, they are denied.

10. Paragraph 10 of the Complaint contains averments of subject matter and supplemental jurisdiction to which no response is required.  To the extent Paragraph 10 of the Complaint contains any factual averments, they are denied.

11. Admitted.

## GENERAL ALLEGATIONS

12. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint and, therefore, denies same.

13. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 of the Complaint and, therefore, denies same.

14. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Complaint and, therefore, denies same.

15. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Complaint and, therefore, denies same.

16. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16 of the Complaint and, therefore, denies same.

17. Admitted.

18. Jake's Fireworks admits that it previously sold fireworks in the packaging reproduced in paragraph 20 of the Complaint and that it previously used a performance video depicting the packaging to advertise the fireworks.  Jake's denies the remaining averments of Paragraph 18 of the Complaint.

19. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint and, therefore, denies same.

20. Jake's Fireworks admits that it never asked for authorization for the indicated uses, but denies that such authorization was required. Jake's Fireworks denies the remaining averments of Paragraph 20 of the Complaint.

21. Jake's Fireworks admits that it was notified of Plaintiff's infringement allegations in July 2014 and, by letter dated August 15, 2014, Jake's Fireworks agreed to make no further sales of fireworks in the complained-of packaging and, upon information and belief, made no such further sales. Jake's Fireworks denies the remaining averments in Paragraph 21 of the Complaint.

22. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of Paragraph 22 of the Complaint and, therefore, denies same. Jake's Fireworks denies the averments in the second and third sentences of Paragraph 22 of the Complaint.

23. Denied.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Jake's Fireworks admits that Plaintiff's claim purports to be for copyright infringement and damages, but denies any merit to such claim, and therefore, denies the averments of Paragraph 24 of the Complaint.

25. Jake's Fireworks incorporates by reference its responses to the averments in Paragraph 1-23 of the Complaint as if fully set forth herein.

26. Denied.

27. Jake's Fireworks admits that the indicated registration was issued, but Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 27 of the Complaint and, therefore, denies same.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

Jake's Fireworks denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph immediately following Paragraph 35 of the Complaint.

## COUNT II
## COMMON LAW MISAPPROPRIATION OF LIKENESS

36. Jake's Fireworks admits that Plaintiff's claim purports to be one for damages and injunctive relief based on misappropriation of likeness under Florida Common Law, but denies any merit to such claim, and therefore, denies the averments of Paragraph 36 of the Complaint.

37. Jake's Fireworks incorporates by reference its responses to the averments in Paragraph 1-23 of the Complaint as if fully set forth herein.

38. Denied.

39. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 39 of the Complaint and, therefore, denies same.

40. Jake's Fireworks admits that it never received the consent referenced in Paragraph 40 of the Complaint, but denies that such consent was requested or required.

41. Denied.

42. Denied.

Jake's Fireworks denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph immediately following Paragraph 42 of the Complaint.

## COUNT III
## UNAUTHORIZED PUBLICATION OF LIKENESS
## IN VIOLATION OF FLORIDA STATUTE § 540.08

43. Jake's Fireworks admits that Plaintiff's claim purports to be one for damages and injunctive relief based on Unauthorized Publication of Likeness under Florida Statute § 540.08, but denies any merit to such claim, and therefore, denies the averments of Paragraph 43 of the Complaint.

44. Jake's Fireworks incorporates by reference its responses to the averments in Paragraph 1-23 of the Complaint as if fully set forth herein.

45. Denied.

46. Jake's Fireworks is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46 of the Complaint and, therefore, denies same.

47. Jake's Fireworks admits that it never received the consent referenced in Paragraph 47 of the Complaint, but denies that such consent was requested or required.

48. Denied.

49. Denied.

Jake's Fireworks denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph immediately following Paragraph 49 of the Complaint.

## JURY TRIAL REQUEST

Plaintiff's request for a trial by jury does not state any averment and Jake's Fireworks is not required to respond.

## General Denial

Jake's Fireworks denies each and every averment of the Complaint not specifically admitted or otherwise responded to above. Jake's Fireworks specifically denies that it has infringed or is liable for infringement of any valid and enforceable copyright or copyright rights of Plaintiff or any misappropriation of S.G.'s likeness. Jake's Fireworks further specifically denies that Plaintiff is entitled to any relief of any kind against Jake's Fireworks as a result of any act of Jake's Fireworks or any person or entity acting on behalf of Jake's Fireworks.

## First Affirmative Defense

Plaintiff's claims fail to state a claim on which relief may be granted.

## Second Affirmative Defense

Jake's Fireworks has not infringed, does not infringe (either directly or indirectly), and is not liable for infringement of any valid copyright or copyright rights of Plaintiff.

## Third Affirmative Defense

Plaintiff's copyright claims are barred to the extent Plaintiff claims right to elements that are not protectable by copyright.

## Fourth Affirmative Defense

Plaintiff has abandoned the asserted copyright by allowing widespread copyright and distribution of the work over a long period of time without, upon information and belief, any

attempt to prevent infringement of the asserted copyright and without providing any notice of a claim to copyright in the work.

### Fifth Affirmative Defense

Plaintiff's asserted copyright is unenforceable because its actions were such that it was reasonable to assume that Plaintiff did not intend to enforce its copyright.

### Sixth Affirmative Defense

Plaintiff's asserted copyright is unenforceable because Plaintiff knowingly waived any right it may have to enforce such copyright.

### Seventh Affirmative Defense

Plaintiff's claim for copyright infringement is barred by the doctrine of fair use pursuant to 17 U.S.C. § 107.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of laches.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of estoppel.

### Tenth Affirmative Defense

Plaintiff has not suffered any irreparable injury and Plaintiff is not entitled to injunctive relief.

### Eleventh Affirmative Defense

Plaintiff's claim for violation of Florida Statute § 540.08 is barred by Florida Statute § 540.08(4)(c).

## Twelfth Affirmative Defense

Jake's Fireworks reserves all rights and affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Act, and any other defenses, at law or in equity, that may now exist or in the future may be available based on discovery and further factual investigation in this case.

## Request for Relief

**WHEREFORE**, Jake's Fireworks respectfully requests the following:

1. Entry of judgment dismissing Plaintiff's claims in their entirety, on the merits, and with prejudice;

2. An award of its attorneys' fees and costs in this action; and

3. Such other and further relief as is just and proper.

Dated: April 6, 2015

Respectfully submitted,

/s/ Nicholas P. Mizell
Nicholas P. Mizell
Florida Bar No. 87775
Edward K. Cheffy (Trial Counsel)
Florida Bar No. 393649
CHEFFY PASSIDOMO, P.A.
821 5th Avenue South
Naples, Florida 34102
(239) 261-9300 (telephone)
(239) 261-9782 (facsimile)
ekcheffy@napleslaw.com
npmizell@napleslaw.com

Michael B. Hurd (*pro hac vice* pending)
Matthew B. Walters (*pro hac vice* pending)
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, KS 66210
(913) 647-9050 (telephone)
(913) 647-9057 (facsimile)
mhurd@hoveywilliams.com
mwalters@hoveywilliams.com
*Counsel for Defendant Jake's Fireworks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

s/Nicholas P. Mizell
Nicholas P. Mizell